IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 3:11-00066

ANDRE DUVALL SCOTT

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are various motions filed by the Defendant, including Defendant's Motion to Disclose Government Authorized Crimes (Doc. 29); Motion to Disclose and Produce All Forms of Evidence Setting Forth the Parameters of the "Smoking Aces" Operation (Doc. 30); Motion to Produce the Names and Identifying Information of All Other Individuals Similarly Situated to the Defendant in Regards to the "Smoking Aces" Operation (Doc. 31); Motion to Produce Any and All Potential Evidence, By Way of Documentation or in Any Other Form, Business Documentation, Whether Actually Procured or Fraudulently Portrayed (Doc. 32); Motion to Produce the Financial Records of the "Smoking Aces" Operation as They Were Applied Toward the Purchase of Illegal Drugs and/or Firearms (Doc. 33); Motion to Produce the Department of Justice and/or U.S. Attorney's Standard Guidelines, Policies, and/or Procedures for Authorizing Government Agents to Commit Illegal Acts During the Performance of an Undercover Operation (Doc. 34); Motion to Dismiss Counts V and VI of the Indictment So Charging the Defendant with Being a Felon in Possession of a Firearm (Doc. 36); Motion to Produce Audio/Video Tapes in a Useable Format (Doc. 39); and Motion to Produce and Inspect Government's Laboratory Testing Procedures, Laboratory Testing Protocols, Laboratory Notes; ATF Agent's Documentation

Concerning Analysis and Determination of the Interstate Nexus of Those Firearms Set Forth in Counts V & VII (Doc. 40). These motions are disposed of as follows.

The Motion to Disclose Government Authorized Crimes (Doc. 29); Motion to Disclose and Produce All Forms of Evidence Setting Forth the Parameters of the "Smoking Aces" Operation (Doc. 30); Motion to Produce Any and All Potential Evidence, By Way of Documentation or in Any Other Form, Business Documentation, Whether Actually Procured or Fraudulently Portrayed (Doc. 32); and Motion to Produce the Financial Records of the "Smoking Aces" Operation as They Were Applied Toward the Purchase of Illegal Drugs and/or Firearms (Doc. 33) are all **GRANTED in part** and **DENIED in part**. They are each **GRANTED** insofar as the evidence requested is narrowed to only include that which pertains directly to the interactions between Defendant and the undercover agents involved in the "Smoking Aces" Operation. They are **DENIED** insofar as the evidence requested pertains to the general operations and plan of the undercover operation and does not directly relate to Defendant's association with "Smoking Aces." Defendant also made several oral motions seeking pictures and the layout of the Smoking Aces store, the items for sale at the store, and any street names the agents involved in the undercover operation may have used that were known to Defendant. These motions are also **GRANTED in part**, subject to the same limitation: this information is discoverable to the extent it is directly related to Defendant's interaction with the undercover operation "Smoking Aces".

Defendant's motion to produce information of other similarly situated individuals (Doc. 31) is **DENIED** as Defendant has failed to meet the burden required to establish a plausible claim of selective prosecution for the reasons stated on the record. Defendant's Motion to Produce the Department of Justice and/or U.S. Attorney's Standard Guidelines, Policies, and/or Procedures for

Authorizing Government Agents to Commit Illegal Acts During the Performance of an Undercover Operation (Doc. 34) is **DENIED**, but Defendant will be permitted to resubmit this motion if he can identify case law showing this information is discoverable.  Defendant's motion to obtain the audio and video tapes in a usable format (Doc. 39) is **DENIED as moot**; the Court can provide no more relief than the Government has already offered to Defendant.  The Government has indicated it cannot convert the files to a format readable on Defendant's counsel's computer, but it has offered the use of its own equipment.  Further, the Court notes that Defendant's counsel should be able to obtain access to a machine capable of playing the recordings.

Defendant's motion to dismiss Count V and VI of the indictment is also **DENIED**. Defendant argues that he cannot be found to be a felon in possession of a firearm as at the time he was alleged to be in possession of firearms he had only pled guilty to a felony, and had yet to be sentenced.  The Government argues that as the Circuit Court's Guilty Plea Order of July 14, 2010 stated that the "Court doth ADJUDGE the defendant guilty of 'Possession With Intent to Deliver a Controlled Substance,'" Defendant was a felon for the purposes of § 922(g)(1) as alleged in Counts V and VI of the indictment.  To ascertain whether an individual is a convicted felon for the purposes of 18 U.S.C. § 922(g)(1), a court must look to "the law of the jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).  As Defendant pled guilty and was sentenced in front of the Circuit Court of Cabell County, West Virginia, this Court looks to West Virginia law.  Looking at the Guilty Plea Order and the Sentencing Order in Defendant's case in state court, the language finding him adjudged guilty of a crime is only contained in the first order; the sentencing order only pertained to Defendant's sentence.  Doc. 47-1.  Further, looking at West Virginia case law, it is clear that a defendant is considered to be convicted of a felony as of the date he pleads guilty to the crime.

*See, e.g.*, *State ex rel. Hill v. Boles*, 143 S.E.2d 467, 468 (W. Va. 1965) ("[T]he two pleas of guilty entered on January 31, 1940, in the Intermediate Court of Kanawha County to two separate felony indictments, if valid, may be considered only as a single prior felony conviction . . . ."); *see also Hutchinson v. Dietrich*, 393 S.E.2d 663, 664 (W. Va. 1990) (discussing a defendant who was considered convicted of a crime at the conclusion of a jury trial, prior to the determination of the defendant's sentence). In light of the foregoing, the Court **FINDS** that Defendant was a convicted felon at the time the Guilty Plea Order was entered by the Circuit Court. Accordingly, Defendant's motion to dismiss is **DENIED**.

Lastly, Defendant's most recent motion, Doc. 40, is **HELD in ABEYANCE**. The Government is **DIRECTED** to file a response by **April 12, 2011** and Defendant is **DIRECTED** to file any reply **April 15, 2011**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 8, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE